JUSTICE TRIEWEILER
concurring and dissenting.
¶24 I agree with the majority’s conclusions that § 40-2-104, MCA, provides an exception to the requirement at § 40-2-106, MCA, that a spouse be responsible for another spouse’s medical expenses, and that Claudia’s reliance on § 40-2-104, MCA, is not inconsistent with her position as personal representative of her deceased husband’s estate.
¶25 However, I dissent from the majority’s conclusion that there are *469 genuine issues of material fact regarding the application of § 40-2-104, MCA, and from its remand to the District Court for further proceedings to resolve that factual issue.
¶26 Even the Respondent, Balyeat Collection Professionals, concedes there are no factual issues to be resolved by the District Court. On page five of its brief, BCT states, “In this case, however, the parties agree the material facts are undisputed. ... Therefore, the Court’s review in this appeal may be confined to the District Court’s conclusions of law.”
¶27 Based on the undisputed facts, I would conclude as a matter of law that the Appellant, Claudia Garland, was entitled to summary judgment dismissing the Plaintiffs complaint with prejudice.
¶28 Section 40-2-104, MCA, provides that a married person abandoned by his or her spouse or living apart from that spouse by agreement is not liable for the spouse’s support. The undisputed facts are that Claudia’s husband, Randolph, left the family home in April 1997before incurring the medical expenses which are at issue. He left $30 on the table but never returned to the home, and provided no further support to his family from then until the time of his death. In May 1997, Claudia petitioned for divorce or a legal separation and on May 30, 1997, Randolph was restrained from returning to the family home. Only one day of services were provided by Kalispell Regional Medical Center in May 1997. However, they were provided after Randolph left his family without providing for their support.
¶29 None of these facts are disputed. Based on these facts, the District Court can arrive at only one conclusion-that is that Claudia and her children were either abandoned by Randolph or Claudia and Randolph were separated by agreement. Under either circumstance, Claudia was not responsible to pay Kalispell Regional Hospital the $32,496 it claims for services incurred after that separation.
¶30 The result in this case is simply common sense. In fact, during several occasions during Randolph’s hospitalization while Claudia was taking his children or his father to visit him, she was asked by hospital personnel to sign paperwork authorizing his admission. On each occasion she refused to do so. It was apparently logical to her that she had no obligation to guarantee payment for services provided to the husband who had left her even without the benefit of understanding § 40-2-104, MCA. Having reviewed § 40-2-104, MCA, it should be at least as clear to this Court.
¶31 For these reasons, I concur with and dissent from the majority Opinion.